# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKY DALE BARRON,** | ) |
| Plaintiff, | ) |
| v. | ) Case No. CIV-17-412-RAW |
| **THE UNITED STATES OF AMERICA, et al.,** | ) |
| Defendants. | ) |

## ORDER

Before the court are the motions of the defendants to dismiss. In case no. 15-CR-73-RAW, plaintiff pled guilty to an information which charged him with (1) being a felon in possession of firearm, in violation of 18 U.S.C. §922(g)(1); and (2) interstate transportation of illegally-taken wildlife, in violation of 16 U.S.C. §§3372(a)(2)(A) and 3373(d)(2). After sentencing, he filed a direct appeal. The United States Court of Appeals for the Tenth Circuit upheld an appellate waiver within the plea agreement and dismissed the appeal. *See United States v. Barron,* 677 Fed.Appx. 480 (10th Cir.2017).

Plaintiff, proceeding *pro se*, brings this civil action for alleged civil rights violations in connection with his arrest regarding the criminal charges described. He bases his complaint upon 42 U.S.C. §1983 and/or the Supreme Court decision in *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics,* 403 U.S. 388 (1971). That statute and case are the most common bases for causes of action asserting constitutional claims against public officials. *See Pahls v. Thomas,* 718 F.3d 1210, 1225 (10th Cir.2013). In other words,

§1983 provides a cause of action against state officials; a *Bivens* action is the federal analog to a §1983 suit and provides a "private action for damages against federal officials who violate certain constitutional rights." *Id.* A court liberally construes a *pro se* complaint. *Shields v. United States Postal Service,* 729 Fed.Appx. 662, 663 (10th Cir.2018).

Plaintiff alleges improper conduct in the execution of the search upon his property. He contends law enforcement conducted a "raid" on his property during which they illegally trespassed, stole various items and personal property of plaintiff, killed plaintiff's five pet dogs, as well as planting evidence and "entrapping" plaintiff.[1] One defendant is Eric Pratt, employed as an Arkansas Game and Fish Commission Wildlife Officer, while the other defendants are federal officers, the United States Forest Service and the United States of America.

Therefore, it appears the §1983 claim is asserted against Pratt, while the *Bivens* claim is asserted against the other defendants. It should be noted, however, that "a *Bivens* claim can be brought only against federal officials in their individual capacities. *Bivens* claims cannot be asserted directly against the United States, federal officials in their official capacities, or federal agencies." *Smith v. United States,* 561 F.3d 1090, 1099 (10th Cir.2009).

The federal defendants have moved for dismissal (among other grounds) based on

---

[1] It appears some of plaintiff's allegations would be barred under the "*Heck* doctrine," which holds that a civil-rights claim may be barred if its success would be inconsistent with a criminal conviction of the plaintiff that has not been invalidated. *See Ray v. Moon,* 635 Fed.Appx. 502, 504 (10th Cir.2015)(citing *Heck v. Humphrey,* 512 U.S. 477 (1994)). Not all of the allegations would appear to be barred, however. This demarcation is not necessary to the court's present ruling.

2

statute of limitations. (#37 at 5-7). Pratt, by contrast, reserved the right to raise the defense (#32 at 4). Because the court finds the defense dispositive, it will rule in favor of Pratt as well and decline to address the other grounds raised by the pending motions. Plaintiff merely alleges that the "raid" took place in 2015 (#1 at 2). The docket sheet in case no. 15-CR-73-RAW indicates that plaintiff's criminal case commenced with the filing of a complaint on October 28, 2015. Logically, therefore, the raid took place some days before that date, as the raid produced the evidence which was the basis for the criminal complaint. Plaintiff's initial appearance on the criminal charges took place on October 30, 2015. Plaintiff's civil complaint commencing the case at bar was filed on November 9, 2017, i.e., more than two years after the raid.

"Under §1983 or *Bivens*, timeliness is determined through the state's limitations period for a personal injury claim. Under Oklahoma law, this period is two years." *Gilyard v. Gibson,* 612 Fed.Appx. 486, 487 (10th Cir.2015)(citations omitted). A *Bivens* claim accrues, and the statute of limitations begins running, on the date that a plaintiff knows or should know of the existence of cause of the injury that is the basis of his action. *Van Tu v. Koster,* 364 F.3d 1196, 1199 (10th Cir.2004). Similarly, a §1983 claim accrues when the plaintiff knows or has reason to know of the injury which is the basis of his action. *Chrisco v. Holubek,* 711 Fed. Appx. 885, 888 (10th Cir.2017). Claims arising out of police actions toward a criminal suspect, such as arrest, interrogation, or search and seizure, are presumed to have accrued when the actions actually occur. *Eikenberry v. Seward County, Kansas,* 734 Fed.Appx. 572, 576 (10th Cir.2018). Thus, under either §1983 or *Bivens,* plaintiff's claim

accrued on the date of the raid. His civil complaint is therefore untimely.

Plaintiff seeks to avoid this conclusion by terming defendants' conduct a continuing violation. (#1 at 24); (#43 at 1). He contends that the acts of misconduct continued until his sentencing date of "April 11, 2016." (#1 at 24). (Actually, defendant's sentencing date was April 13, 2016.) The court disagrees with plaintiff's contention. First, "this court has never held that the continuing-violation doctrine applies to §1983 cases." *Canfield v. Douglas Cty.*, 619 Fed.Appx. 774, 778 (10th Cir.2015). It does not appear that the Tenth Circuit has addressed the doctrine's application to a *Bivens* claim either. Even if the doctrine should apply in a general sense, the court finds it does not apply in this case. This is because the doctrine is triggered by continual unlawful acts, not continual ill effects from the original violation. *Id.* at 778-79.

Finally, no basis for tolling of the statute of limitations has been presented. It is the order of the court that the motion to strike or dismiss (#32) is denied as to its request to strike and granted as to its request to dismiss. The motion to dismiss (#37) is granted. This action is dismissed as having been filed outside the statute of limitations.

**IT IS SO ORDERED** this 17th day of SEPTEMBER, 2018.

Ronald A. White
United States District Judge
Eastern District of Oklahoma

4